FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 25, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S., | No. 2:25-CV-00280-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | ECF Nos. 9, 11 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 9, 11. Attorney Thomas J. Moore represents Plaintiff; Special Assistant United States Attorney Melissa A. Delguercio represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits in December 2021, alleging a disability onset date of August 2, 2017. Tr. 155. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on April 10, 2024, Tr. 37-59, and issued an unfavorable decision on April 23, 2024, Tr. 18-31. The Appeals Council denied Plaintiff's request for review on May 29, 2025, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on July 31, 2025. ECF No. 1.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes

that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show: (1) that Plaintiff can perform other substantial gainful activity; and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On April 23, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 18-31.

At step one, the ALJ found Plaintiff, who met the insured status requirements of the Social Security Act through December 31, 2022, did not engage in substantial gainful activity from the alleged onset date, August 2, 2017, through his date last insured. Tr. 20.

At step two, the ALJ determined Plaintiff had the following severe impairments: fracture dislocation of right subtalar joint, osteoarthritis right foot, osteoarthritis left wrist, right knee injury, obesity, and compression fracture of the thoracic spine. Tr. 21.

At step three, the ALJ found Plaintiff, through the date last insured, did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform a full range of sedentary work, with the following limitations:

> [Plaintiff] could stand and walk for no more than one hour at a time, for two hours total, in combination, in an eight-hour workday; he could occasionally push and pull with the right lower extremity; he

could never climb ladders, ropes, or scaffolds, and only occasionally perform all other postural activities; and he could not be exposed to uneven terrain, vibration, or hazards (e.g., unprotected heights, moving mechanical parts).

Tr. 23.

At step four, the ALJ found Plaintiff was unable to perform any past relevant work. Tr. 28-29.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that exist in significant numbers in the national economy, including the jobs of addressor; document preparer; and touch-up screen, printed circuit board assembly. Tr. 29-30.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, August 2, 2017, through the date last insured, December 31, 2022. Tr. 30-31.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (1) whether the ALJ properly evaluated the medical opinion evidence; (2) whether the ALJ properly considered all of Plaintiff's limitations when assessing his RFC; and (3) whether the ALJ conducted a proper step-five analysis. ECF No. 9.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff first asserts the ALJ erred by improperly evaluating the medical opinion evidence. ECF No. 9 at 4-8. Plaintiff specifically contends the ALJ erred by (1) giving significant weight to the non-examining opinions of Drs. Schaffzin and Titanji; and (2) discounting the opinions of Drs. Jamison, Benirschke, and

Schmitz, attending providers who treated Plaintiff over the course of several years. ECF No. 9 at 4-8.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide

specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-789, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. An ALJ must provide an explanation, supported by substantial evidence, when rejecting a medical provider's opinion as unsupported or inconsistent. *Id.* at 792.

   1. Drs. Schaffzin and Titanji

  On September 23, 2022, state agency reviewing physician Lawrence Schaffzin, M.D., opined that Plaintiff could perform work-related activities at a sedentary exertional level, never climb ladders, ropes, or scaffolds, occasionally perform other postural activities, and should avoid concentrated exposure to environmental hazards such as vibration, machinery, or heights. Tr. 68-71. On March 26, 2023, Rudolf Titanji, M.D., opined that Dr. Schaffzin's opinion was consistent with his review. Tr. 81.

  The ALJ determined the opinions of Drs. Schaffzin and Titanji were persuasive. Tr. 26. The ALJ found their opinions were supported by their explanations and a review of Plaintiff's medical record[1] and consistent with

---

  [1]Dr. Schaffzin reviewed Plaintiff's medical records and daily activities, noting ongoing pain and limited movement in the right ankle and wrist, but also normal strength and the ability to do daily tasks like cooking, laundry, driving, and shopping. Tr. 70. Dr. Titanji reviewed this evidence, as well as Plaintiff's

Plaintiff's medical record,[2] which showed a history of issues related to his foot, ankle, wrists, right knee, thoracic spine, and obesity that limited his ability to stand but also showed an ability to ambulate with the use of his brace, Tr. 1527, a normal gait, Tr. 530, 581, normal posture, Tr. 1516 (noted to be sitting comfortably), and good strength and range of motion in his upper and lower extremities, Tr. 582, that suggested he could perform basic work activities at a sedentary exertional level. Tr. 26.

Plaintiff's briefing does not challenge the supportability or consistency of the opinions of Drs. Schaffzin and Titanji.[3] In any event, the Court finds the ALJ reasonably determined that the opinions of Drs. Schaffzin and Titanji were persuasive as fully supported and consistent with the medical record.

*2. Dr. Jamison*

On September 10, 2022, Jeffery Jamison, D.O., completed an internal medicine examination of Plaintiff. Tr. 579-585. Plaintiff reported to Dr. Jamison that he experienced constant pain since 2015 and "cannot stand for more than about 20 minutes secondary to right ankle pain." Tr. 580. With respect to activities of daily living, Plaintiff cooked about three times a week, cleaned and did the laundry about once a week, and cared for his child seven days a week. Tr. 581.

---

subjective complaints and daily activities. Tr. 77. Dr. Titanji considered Plaintiff's continued reports of ankle and wrist pain following surgery, but also that objective findings were modest with intact range, strength, and sensation. Tr. 78.

[2]Physical exams noted normal gait, posture, and strength, with no distress or abnormal station, Tr. 444, 530, 581, 633, 642, 1379, 1387, 2516, and Plaintiff was observed to ambulate with his brace and did not require a cane, crutches, or walker, Tr. 608.

[3]Plaintiff's briefing only points out that neither doctor examined Plaintiff. ECF No. 9 at 6; ECF No. 12 at 3.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1  Dr. Jamison noted Plaintiff appeared to be in no acute distress, his gait was good
2  except for the ankle brace, tandem walk was normal, he did not need help getting
3  on and off the examination table, and his cooperation and effort were good.  Tr.
4  581.  Strength was noted as 5/5 in upper and lower extremities.  Tr. 582.
5  Nevertheless, Dr. Jamison opined Plaintiff could not stand or walk in an eight-hour
6  workday for any amount to time; could sit for two to four hours in an eight-hour
7  workday; could lift and carry up to 25 pounds occasionally and five pounds
8  frequently; could not kneel, bend, or crawl; required a flat and level environment;
9  and had no manipulative restrictions.  Tr. 583, 585.

10       The ALJ found the opinions of Dr. Jamison to be unpersuasive.  Tr. 27.  The
11  ALJ indicated Dr. Jamison's finding that Plaintiff could not stand or walk in an
12  eight-hour workday for any amount of time was not supported by his own findings
13  on exam which showed Plaintiff was able to stand for a period of 20 minutes,
14  demonstrated a "good" gait, and had no difficulty getting on and off the exam
15  table.  Tr. 27.  The ALJ further found Dr. Jamison's extreme mobility limitations
16  inconsistent with the medical record which showed a history of issues related to his
17  foot, ankle, wrists, right knee, thoracic spine, and obesity that limited his ability to
18  stand but also showed an ability to ambulate with the use of his brace, Tr. 1527, a
19  normal gait, Tr. 530, and normal posture, Tr. 1516.  Tr. 27.

20       The Court agrees with the ALJ that Dr. Jamison's report is not supported by
21  his examination findings:  Dr. Jamison opined that Plaintiff could not stand or walk
22  at all during an eight-hour workday, yet his examination showed that Plaintiff
23  could stand for 20 minutes, had a good gait, needed no help getting on and off the
24  exam table, and retained normal strength and dexterity.  Tr. 581-585.  In addition,
25  Dr. Jamison's opinions are not consistent with the evidence of record:  although
26  Plaintiff has a history of issues related to his foot, ankle, wrists, right knee, thoracic
27  spine, and obesity that limited his ability to stand, the record reflects Plaintiff is
28  able to ambulate with the use of his brace, has been found to have a normal gait

and posture, and has good strength and range of motion in his upper and lower extremities. The Court finds the ALJ reasonably determined that Dr. Jamison's opinions lacked persuasive value.

    *3. Dr. Benirschke*

On February 8, 2023, Stephen K. Benirschke, M.D., completed a Medical Source Statement of Ability to Do Work-Related Activities regarding Plaintiff. Tr. 1421-1426.

On a check-box form, [4] without providing rationale, Dr. Benirschke marked that Plaintiff could sit for eight hours in an eight-hour workday; stand or walk for one hour each in an eight-hour workday; never perform manipulative activities; never lift or carry any weight; never balance, crawl or climb ladders or scaffolds; and only occasionally perform other postural activities. Tr. 1421-1422. Dr. Benirschke further opined that Plaintiff could never understand or remember, never concentrate, persist, or maintain pace, never interact socially, and never adapt. Tr. 1424-1425.

The ALJ found Dr. Benirschke's report "partially persuasive." Tr. 27. The ALJ stated that Dr. Benirschke's opinions were inconsistent with Plaintiff's full record, indicating that although the record included a history of injuries that limit

---

[4] Although the Ninth Circuit stated in a footnote that there is no authority that a "check-the-box" form is any less reliable than any other medical form, *Trevizo v. Berryhill*, 871 F.3d 664, 677 n. 4 (9th Cir. 2017), the Ninth Circuit has consistently held that individual medical opinions are preferred over check-box reports, *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (holding "the regulations give more weight to opinions that are explained than to those that are not"). An ALJ's rejection of a check-box report that does not contain an explanation of the bases for the conclusions made is permissible, *Crane*, 76 F.3d at 253.

ORDER GRANTING DEFENDANT'S MOTION . . . - 9

Plaintiff's ability to stand/walk, it also included reports of his high levels of activities of daily living,[5] a consultative physical exam (Dr. Jamison) demonstrating 5/5 muscle strength and tone in his upper and lower extremities, Tr. 582, and multiple mental status exams with normal findings involving Plaintiff's speech, insight, judgment, attention span, insight, concentration, and memory. Tr. 27.

The Court finds the ALJ reasonably found Dr. Benirschke's report only partially persuasive. The check-box form is unsupported by any explanation for the conclusions made therein. Moreover, as stated by the ALJ, Dr. Benirschke's findings of an inability to lift or carry any weight and severe cognitive restrictions were inconsistent with the evidence of record which does not document such extreme physical and mental limitations. The ALJ did not err by giving partial weight to Dr. Benirschke's assessment, which found Plaintiff could sit for eight hours in an eight-hour workday.

*4. Dr. Schmitz*

On February 18, 2023, Miguel A. Schmitz, M.D., also completed a "Medical Source Statement of Ability to Do Work-Related Activities" regarding Plaintiff. Tr. 1427-1432.

On a check-box form and without providing any explanation or justification, Dr. Schmitz opined that Plaintiff could sit for a total of six hours in an eight-hour workday, walk for six hours in an eight-hour workday, and stand for eight hours in an eight-hour workday; could occasionally handle and finger, frequently reach, and continuously feel; frequently lift or carry 20 or 50 pounds; never climb ladders or

---

[5]Plaintiff indicated in his January 2023 function report that he cares for his daughter, cares for his pets, has no issues with personal care, makes his own meals, does chores such as cleaning and laundry, goes outside daily, drives, walks for transportation, and shops in stores. Tr. 239-241.

scaffolds; continuously climb ramps or stairs; and occasionally perform other postural activities.  Tr. 1429-1431.

The ALJ found Dr. Schmitz's opinion "unpersuasive."  Tr. 27-28.  The ALJ indicated Dr. Schmitz's opinions were contradictory, finding his opinion that Plaintiff could stand for eight total hours in an eight-hour workday was not consistent with his opinion that Plaintiff could only stand for one hour at a time.  Tr. 27, 1429.  The ALJ also noted Dr. Schmitz's opinions were inconsistent with Plaintiff's full record, which included reports of high levels of activities of daily living, an exam showing 5/5 muscle strength in Plaintiff's upper and lower extremities, and findings that Plaintiff's gait was good.  Tr. 27.

As with Dr. Benirschke's report, the Court notes the check-box report of Dr. Schmitz is unsupported by any explanation for the conclusions made therein.  The opinions of Dr. Schmitz were also internally inconsistent regarding Plaintiff's ability to stand and not consistent with the evidence of record which does not reveal such significant limitations.  The Court finds the ALJ's determination that Dr. Schmitz's report is not persuasive is supported by substantial evidence.

Based on the foregoing, the Court concludes Plaintiff has failed to demonstrate that the ALJ improperly evaluated the medical opinion evidence of record.  Plaintiff is not entitled to remand on this issue.

**B.    RFC**

Plaintiff contends the ALJ also erred by not fairly assessing his residual functional capacity.[6]  ECF No. 9 at 8-9.  Plaintiff asserts the ALJ did not identify any upper extremity limitations, such as occasional handling and fingering opined by Dr. Schmitz, and disregarded the sit/stand restrictions imposed by Dr. Jamison.  ECF No. 9 at 9.  Plaintiff argues that had these restrictions been properly

---

[6]Residual functional capacity is defined as "the most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).

considered, Plaintiff would not be able to perform any of the jobs identified in the ALJ's decision. ECF No. 9 at 9. However, an ALJ is not required to incorporate evidence from the opinions of medical professionals that were permissibly discounted. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). The ALJ's RFC need only include those limitations found credible and supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Here, the ALJ properly evaluated the medical opinion evidence, *see supra*, and based his RFC determination on the credible evidence of record. The ALJ did not err in assessing Plaintiff's RFC; therefore, Plaintiff is not entitled to remand on this issue.

C.    **Step-Five**

Plaintiff asserts the ALJ erred because he relied on vocational expert responses to a hypothetical that failed to account for the limitations assessed by Drs. Jamison, Benirschke, and Schmitz. ECF No. 9 at 10.

At step five of the sequential evaluation analysis, the burden shifts to the Commissioner to establish that 1) the claimant can perform other work, and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran*, 700 F.3d at 389. In assessing whether there is work available, the ALJ must rely on complete hypotheticals posed to a vocational expert. *Nguyen v. Chater,* 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ's hypothetical must be "based on medical assumptions supported by substantial evidence in the record that reflects all the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett*, 180 F.3d at 1101. The hypothetical that ultimately serves as the basis for the ALJ's determination, *i.e.*, the hypothetical that is predicated on the ALJ's final RFC assessment, must account for all the limitations and restrictions of the claimant. *Bray*, 554 F.3d at 1228.

///

      "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." *Bayliss*, 427 F.3d at 1217. However, as discuss in Section B, above, the ALJ's RFC need only include those limitations found credible and supported by substantial evidence. *Id*. The ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006). The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel if they are not supported by substantial evidence. *Magallanes*, 881 F.2d at 756-757; *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). A plaintiff fails to establish that a step five determination is flawed by simply restating an argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-1176 (9th Cir. 2008).

      As addressed above, the ALJ properly evaluated the medical opinion evidence and did not err in assessing Plaintiff's RFC. *Supra*. The ALJ's RFC determination adequately addresses the credible evidence of record. Because the ALJ relied upon vocational expert testimony that was provided in response to a hypothetical that accounted for all of Plaintiff's limitations, the ALJ did not err.

      Plaintiff additionally argues that, after the ALJ issued the decision, the Social Security Administration issued an Emergency Message (EM-24027 REV) effective January 6, 2025, indicating that two of the job-titles relied upon by the ALJ could no longer be cited to support a "non-disabled" finding unless the ALJ's decision summarizes the vocational expert's evidence that supports the finding. ECF No. 9 at 10-11.

///

     Since the ALJ's decision was issued on April 23, 2024, Tr. 31, the guidelines of EM-24027 REV (effective January 6, 2025) were not yet in effect. Nevertheless, EM-24027 REV does not prevent an ALJ from citing the job titles of document addresser or document preparer, it merely encourages the ALJ to elicit additional information from vocational experts before relying on certain occupations that may have changed over time.  Here, the ALJ did just that by inquiring of the vocational expert how these occupations were performed today, versus as described in the DOT, and how it complied with the hypothetical.  Tr. 56-57.  The ALJ's order then determined that the vocational expert's knowledge, training and experience adequately supplemented the information in the DOT.  Tr. 30.  The ALJ did not err at step five.

## CONCLUSION

     Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed.  Accordingly, **IT IS HEREBY ORDERED:**

     1.    Defendant's Motion to affirm, **ECF No. 11**, is **GRANTED**.

     2.    Plaintiff's Motion to reverse, **ECF No. 9**, is **DENIED**.

     **IT IS SO ORDERED**.  The District Court Executive shall file this Order and provide copies to counsel.  **Judgment shall be entered for Defendant and the file shall be CLOSED**.

     DATED February 25, 2026.



     _____
     ALEXANDER C. EKSTROM
     UNITED STATES MAGISTRATE JUDGE